## JOHN K. BOOTH *vs.* THE COMMONWEALTH.

Where a defendant is found guilty, generally, on an indictment which charges him
with adultery, on three different days, with a woman of one name, and on a dif-
ferent day, with a woman of another name, and he is sentenced to a greater pun
ishment than is warranted by law for a single act of adultery; the court cannot
on a writ of error, presume that a single offence only was charged in the indictment.

WRIT of error to reverse a judgment of the court of common
pleas in the county of Bristol, at the June term, 1841.   The
plaintiff in error was found guilty, at that term, on an indictment
containing four counts, and charging him with adultery, on three
different days, with a woman named P., and on another day,
with a woman named W., and he was sentenced to one day's
solitary imprisonment, and confinement afterwards at hard labor,
for the term of three years, in the state prison.   The assignment
of error was, " that said judgment is excessive and illegal in the
matter of the one day's solitary imprisonment."

*G. Bemis,* for the plaintiff in error.

*Austin,* (Attorney General,) for the Commonwealth.

SHAW, C. J.   It is contended, that this judgment is to be
deemed erroneous, because the whole indictment is to be consid-
ered as charging one offence of adultery, which subjected the
convict to one punishment only, which, by Rev. Sts. *c.* 130,
§ 1, cannot exceed three years' imprisonment in the state prison ;
or, that the court are to presume that the grand jury intended to
charge one fact of adultery, and that different days were laid, to
meet the proof as it might come out, and that the same woman
may have been intended, designating her by different names, to
meet the proof.   But, for the reasons stated in *Carlton* v. *Com
monwealth,* (*ante,* p. 534,) we are of opinion that we cannot pre-
sume them to be charges of one offence only, but to be, what
they purport to be, charges of several distinct offences ; and
being of the same nature, and subjecting the party to the same
species of punishment, they might properly be included in one
indictment.   Under this aspect, it is very clear that the punish
ment awarded did not exceed that prescribed by law, and there
fore that the judgment was not erroneous.

*Judgment affirmed*